UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-62587-CIV-MARRA

IN RE:

ROTHSTEIN, ROSENFELDT, ADLER, P.A.,

    Debtor.
_____/

HERBERT STETTIN, Trustee,

    Plaintiff,

vs.

SPD GROUP, INC.,

    Defendant.
_____/

## OPINION AND ORDER

This cause is before the Court upon Defendant SPD Group, Inc.'s Motion to Withdraw Reference of Adversary Proceeding (DE 1). Plaintiff Herbert Stettin, Trustee has filed a response to the Motion. On December 7th, 2011, the Court issued an Order (DE 7) requiring Defendant to file a reply to Plaintiff's Response, but Defendant has failed to comply. Accordingly, the Court will decide the matter based on briefs already filed with the Court.

Defendant has moved this Court to withdraw the reference of the adversary proceeding (Adv. No. 11-02363-RBR) before the United States Bankruptcy Court for the Southern District of Florida. Defendant seeks withdrawal of the reference based on his demand for a jury trial, which he does not consent to the bankruptcy court conducting. In response, Plaintiff acknowledges that a jury demand can serve as a basis for withdrawal, but suggests that the

Bankruptcy Court should retain jurisdiction to handle all pretrial matters, including dispositive motions.

A demand for a jury trial standing alone may be insufficient cause for withdrawal if the motion is made too early in the proceedings.  In re Winstar Communications, Inc., 321 B.R. 761, 764 (D. Del. 2005); Kenai Corp. v. National Union Fire Ins. Co. (In re Kenai Corp.), 136 B.R. 59, 62 (S.D.N.Y. 1992).  Indeed, "a court may wait until the case is ready to go to trial before withdrawing the reference" because "[a]llowing the bankruptcy court to resolve pretrial issues and enter findings of fact and recommendations of law on dispositive issues is consistent with Congress' intent to let expert bankruptcy judges determine bankruptcy matters to the greatest extent possible."  In re Dreis, No. 94 C 4281, 1995 WL 41416, at * 3 (N.D. Ill. Jan. 31, 1995) (internal citations omitted); see also Stein v. Miller, 158 B.R. 876, 880 (S.D. Fla. 1993) (the defendants were not entitled to have dispositive motions decided by the district court, despite the withdrawal of the reference for the purpose of jury trial).

While the Court finds that withdrawal of the reference is appropriate for purposes of conducting the jury trial, at this point in the proceedings, the withdrawal would be premature.  Thus, the Court withdraws the bankruptcy reference only for the purposes of jury trial.  The Court leaves the reference intact as to all pretrial matters.  To the extent the Bankruptcy Court may not, as a matter of law, dispose of any pretrial matter, the Court refers that matter to the Bankruptcy Court for a Report and Recommendation.

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1)   Plaintiff Richard Gordon Frank's Motion for Withdrawal of Reference to District Court (DE 1) is **GRANTED IN PART AND DENIED IN PART**.

2) The bankruptcy court reference is **WITHDRAWN IN PART** for the purpose of a jury trial. The bankruptcy court **REFERENCE IS AFFIRMED** consistent with this Order.

3) The Clerk shall **CLOSE** this case. When any matter is appropriate for review by the Court or the case is ready for trial, any party may open a new case in the district court and attach a copy of this Order so that this case will be assigned to the undersigned.

4) All pending motions are **DENIED AS MOOT**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 19th day of December, 2011.

_____
KENNETH A. MARRA
United States District Judge